FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2013 MAY 20 PM 2: 28

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

NORFOLK SOUTHERN RAILWAY COMPANY,

Plaintiff,

vs.

CASE NO.:

3:13-cv-576-J-99MMH-JRK

FLORIDA EAST COAST RAILWAY COMPANY,
LLC, as successor-in-interest to Florida
East Coast Railway Company, and FLORIDA
EAST COAST RAILWAY COMPANY,

Defendants.

_____/

## NORFOLK SOUTHERN'S MOTION FOR STAY OR ABATEMENT OF ARBITRATION AND SUPPORTING MEMORANDUM OF LAW

Plaintiff Norfolk Southern Railway Company ("NS"), moves to stay an arbitration commenced before the American Arbitration Association ("AAA") by Defendant Florida East Coast Railway Company ("FEC"), on the grounds that no agreement to arbitrate exists between NS and FEC. In support, NS states as follows:

### Preliminary Statement

Pursuant to Fed. R. Civ. P. 57, Plaintiff Norfolk Southern Railway Company ("NS") filed its Complaint for Declaratory Judgment and a request for speedy hearing ("NS's Complaint") with this Court. NS's Complaint asks the Court to rule that the Titusville Intermodal Agreement ("TIA") between NS and Defendant Florida East Coast Railway Company, LLC ("FEC") did not include an arbitration provision. Such a determination is for the Court, not an arbitrator. Hence, a ruling by the AAA as to any aspect of the TIA arising

from Defendant Florida East Coast Railway Company's Demand for Arbitration, while NS's Complaint is pending before this Court would be improper. Therefore, NS requests the Court order a stay or abatement of the proceedings before the AAA regarding the TIA.

### The Court Must Decide The Validity Of The Arbitration Provision

1.  NS's Complaint For Declaratory Judgment alleges the TIA does not contain an arbitration provision and therefore NS has challenged the validity of the arbitration provision in any dispute regarding the TIA.

2.  Until that threshold issue is resolved by this Court, any ruling by the Arbitrator relating to the TIA would be improper. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1997).

3.  Whether the parties intended to arbitrate the issue of arbitrability is a question that must be resolved based on Florida law's rules of contractual interpretation. *See First Options*, 514 U.S. at 943, 944 ("who has the primary power to decide arbitrability turns upon what the parties agreed about *that* matter... [and] when deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally ...should apply ordinary state-law principles that govern the formation of contracts.")

4.  When a contract is silent or ambiguous about the question of who should decided arbitrability, the law reverses the presumption favoring arbitration, and instead requires a showing by "clear and unmistakable" evidence that the parties intended to arbitrate. *Rent-A-Center West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010) (*citing First Options*, 514 U.S. at 944).

5.  Simply put, this Court is the proper forum for determination of the validity of the arbitration provision. *See First Options*, 514 U.S. at 944.

6.  Hence, although FEC filed its Demand For Arbitration with AAA, it would be improper for an AAA arbitrator to determine the validity of the arbitration. *Id.*

7.  Moreover, AAA has not assigned an arbitrator, and although NS has filed an Objection to Arbitration in AAA arbitration, no ruling has been issued by AAA.[1]

8.  Concurrent with this Motion for Stay or Abatement, NS has also requested AAA stay or abate any rulings until this Court has had the opportunity to enter a judgment upon NS's arbitrability challenge.

9.  Further, any ruling by AAA while NS's claim is pending before this Court, would potentially result in inconsistent rulings.

10. Likewise, the arbitration proceeding may very well be rendered moot, if the Court grants NS the relief requested in its Complaint.

11. Therefore, to ensure the proper forum decides the issues set forth in NS's Complaint, avoid potentially inconsistent rulings, and preserve judicial economy, NS requests this Court order a stay or abate any proceedings before AAA regarding the TIA until the Court determines the threshold issue.

12. NS has requested a speedy hearing on its claim before this Court and therefore any prejudice that might exist because of delay in the arbitration would be minimal and would be more than off-set by the proper forum deciding the threshold issue of validity of the arbitration provision.

WHEREFORE, NS respectfully request the Court order a stay or abatement of any AAA proceeding between FEC or Florida East Coast Railway Company and NS regarding the

---

[1] On May 8, 2013, Marvin Harris, the Case Manager of the pending AAA Arbitration, sent a letter to the parties providing that "in the absence of an agreement by the parties or a court order staying this matter, the AAA will proceed with the administration of the arbitration." A copy of this letter is attached hereto as Exhibit A.

TIA, including specifically a stay of the Arbitration Number 33 125 00161 13, until NS's claim before this Court is resolved.

### Certificate of Compliance with Local Rule 3.01(g)

Counsel for the undersigned contacted Counsel for FEC in an attempt to resolve this matter without having to seek court involvement; however, the parties were unable to reach an agreement.

### Memorandum of Law

Arbitration is "a matter of consent, not coercion." *World Rentals & Sales, LLC v. Volvo Const. Equip. Rents, Inc.*, 517 F.3d 1240, 1244 (11th Cir. 2008) (*citing Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)); *see also Seretta Const., Inc. v. Great Am. Ins. Co.*, 869 So. 2d 676, 680 (Fla. 5th DCA 2004). Accordingly, it is well established that "a party cannot be required to submit to arbitration a dispute that it has not agreed to arbitrate." *IFG Network Sec., Inc. v. King*, 282 F. Supp. 2d 1344, 1349 (M.D. Fla. 2003), *aff'd sub nom. Multi-Fin. Sec. Corp. v. King*, 386 F.3d 1364 (11th Cir. 2004); *see also World Rentals & Sales, LLC*, 517 F.3d at 1244 ("a party ordinarily will not be 'compelled to arbitrate unless that party has entered into an agreement to do so.'").

When the very existence of an agreement to arbitrate is in dispute, the court, not the arbitrator, has the power and the duty to determine the threshold question of arbitrability. *See Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 130 S. Ct. 2847, 2855-56 (2010) ("It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination") (citations and internal quotations marks omitted); *see also First Options*, 514 U.S. at 943

(holding that when parties disagree about whether they ever entered into an arbitration provision at all, a court must decide the issue, absent a "clear and unmistakable" delegation of that authority to an arbitrator); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("a gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' *for a court to decide.*") (emphasis added). Stated differently, when the validity of the arbitration provision is specifically challenged, it is for the Court to determine whether the arbitration provision is enforceable. *See Rent-A-Center*, 130 S. Ct. at 2777-78 ("courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so."); *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 Fed. Appx. 782, 785 (11th Cir. 2008) ("Because it is well established that 'parties cannot be forced to submit to arbitration if they have not agreed to do so,' a district court, rather than a panel of arbitrators, must decide whether a challenged agreement to arbitrate is enforceable against the parties in question.") (citations omitted).

Concomitant with the Court's duty to decide the initial question of arbitrability is the power to enjoin or stay arbitrations when the absence of a contractual duty to arbitrate has been established. *See Texaco, Inc. v. American Trading Transp.*, 644 F. 2d 1152, 1154 (5th Cir. 1981) (affirming stay of arbitration because of failure to establish the existence of an agreement to arbitrate); *BGT Group, Inc. v. Tradewinds Engine Services, LLC*, 62 So. 3d 1192, 1194 (Fla. 4th DCA 2011) (affirming the lower court's grant of a motion to stay arbitration and denial of a motion to compel arbitration, reasoning that the purchase order did not incorporate the terms and conditions of the collateral document, which contained an arbitration provision); *see also Besadoun v. Jobe-Riat,* 316 F.3d 171, 175-78 (2d Cir.

2002) (finding that the "[d]istrict court erred in deferring issue of arbitrability to the arbitrators" and directing district court to "stay arbitration pending resolution of lawsuit" seeking a judicial determination of party's duty to arbitrate claims).

Here, the TIA between NS and FEC did not include an arbitration provision. NS should not be coerced to arbitrate a dispute it never intended to arbitrate in the first instance. As this is an issue for a Court's determination, not the arbitrator, it is appropriate for this Court to Stay or Abate the AAA Arbitration, pending a resolution of this matter.

**TAYLOR, DAY, GRIMM, BOYD & JOHNSON**

/s/ John D. Osgathorpe
John D. Osgathorpe, Trial Counsel
Florida Bar No. 147620
jdo@taylordaylaw.com
Gina P. Grimsley
Florida Bar No. 84561
gpg@taylordaylaw.com
50 North Laura Street, Suite 3500
Jacksonville, FL 32202
(904) 356-0700
(904) 356-3224 (facsimile)

Attorney for Plaintiff Norfolk Southern Railway Company